**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

v.

**ALLIED CHEMICAL CORPORATION et al.**

**Civ. A. No. CA 75-0310-R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 20, 1975.

Charles L. Beard, Asst. U. S. Atty., Richmond, Va., Delores Wilson, Philadelphia, Pa., for plaintiff.

Hill B. Wellford, Jr., Richmond, Va., Jonathan G. Axelrod, Eastern Conference of Teamsters, Bethesda, Md., for defendants.

## MEMORANDUM

WARRINER, District Judge.

This is an action brought by the Equal Employment Opportunity Commission under the provisions of Title 7, 42 U.S.C. § 2000e. The EEOC charges that Allied Chemical Corporation provides a shorter leave period with disability allowance for pregnancy disabilities than it does for other disabilities, and that this amounts to sex discrimination. Industrial Workers Local 101 is the bargaining unit for the Allied plant in question and it was named as a party defendant by the EEOC under the provisions of Fed.R.Civ.P. Rule 19(a)(2) in that it has an interest in the outcome of the action. Upon being served with the complaint, the Union filed a motion that it be realigned as a party plaintiff.

Motions for realignment ordinarily are made to create or to destroy diversity jurisdiction. Since the jurisdiction of the Court in this action does not depend on diversity, it appears that the motion is made primarily to avoid liability on the Union's part for its complicity in the bargaining agreement which set up the differences in treatment of pregnancy disabilities as opposed to other disabilities.

On 15 March 1972 the Union agreed with Allied as to the differences in treatment of which complaint is now made. A few weeks after reaching such agreement, the Union filed a complaint with the EEOC charging that Allied's treatment of women on pregnancy leave was in violation of Title VII and asked, in effect, that the pregnancy leave provisions of the bargaining agreement be abrogated. The EEOC alleges in its complaint that it exhausted all pre-complaint requirements of the statute and the complaint was filed on 3 July 1975.

The question before the Court is whether, under these circumstances, the Union should be permitted to realign itself as a plaintiff. It is clear that the Union has changed its mind as to the propriety of the pregnancy leave provisions to which it had agreed. Allied opposes such a realignment. The EEOC does not oppose it.

Allied's opposition stems mainly from its desire to hold the Union jointly liable for any monetary damages which may be awarded. Such relief would appear equally available to Allied whether the Union be a co-defendant or a plaintiff, Fed.R.Civ.P. Rule 13(a) and (g). Thus, no right to relief on the part of Allied would be affected by such a realignment.

Allied further complains that to permit the Union to be realigned as a co-plaintiff would put the Union in a position in which it would have a conflict of interests. By espousing the cause of its female members, it would be adversely affecting the interests of its male members. But this conflict would exist no matter where the Union is aligned if it persists in a course of espousing the interest of only a portion of its members. (For purposes of this opinion the Court is assuming the alleged conflict exists, though it is not so deciding.)

It appearing then that no parties' rights would be adversely affected by a realignment, that the interests of the Union as expressed in the pleading coincide with those of the plaintiff, and that the Union is equally amenable to claims by Allied against the Union no matter whether it be plaintiff or defendant, there simply is no good reason to refuse the request of the Union.

An appropriate order shall issue.